[941 NYS2d 220]

In the Matter of CHRISTOPHER T. MAFFIA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 27, 2012

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*J. Stewart Moore*, Central Islip, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a verified petition dated July 14, 2010, containing a single charge of professional misconduct. After a preliminary hearing and subsequent hearing, the Special Referee issued a report, which sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems just and proper. The respondent cross-moves to disaffirm so much of the report as notes that no records of his physical and mental health were offered or produced at the hearing. The respondent also requests that, when imposing discipline, the Court take into full consideration the mitigating circumstances related to his physical and mental health.

Charge one alleges that the respondent violated rule 8.4 (b), (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) in that on March 24, 2010, he pleaded guilty before the Honorable James Hudson, in the County Court, Suffolk County, to petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor. On the same date, he was sentenced to a conditional discharge of one year and was directed to make restitution in the amount of $5,743.

In view of the uncontroverted evidence, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted. Inasmuch as no medical records were offered or produced at the hearing, the respondent's cross motion is denied.

In mitigation, the respondent called as a witness his former law partner, Christian Alfaya, who testified that he could not recall specifically receiving the money at issue, which was restitution money to be turned over to a third-party victim, but that the normal office procedure for any money received from clients was to put the money in his top desk drawer and that he would make the appropriate disbursement. The thrust of Alfaya's testimony and that of the respondent was that the money

was not disbursed to the victim due to law office failure or negligent handling of the funds. The respondent also testified that, during the period in question, he suffered two heart attacks and required the insertion of two stents.

Notwithstanding the fact that the victim was ultimately made whole, the respondent allocuted at his plea that he stole the money in question and did not send the money to the intended recipient. Since the money was entrusted to the respondent in his capacity as an attorney, he had a heightened obligation to ensure that the money reached the intended recipient.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of six months.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross-motion is denied; and it is further,

Ordered that the respondent, Christopher T. Maffia, is suspended from the practice of law for a period of six months, commencing April 30, 2012, and continuing until further order of this Court, with leave to apply for reinstatement one month prior to the expiration of said period. In such application, the respondent shall furnish satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Christopher T. Maffia, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Christopher T. Maffia, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to an-

other an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher T. Maffia, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).